The State, *in behalf of White's administrator, versus* The City of Bangor.

The forfeiture, incurred by a town for a defect in its highways, whereby a loss of life occurred, may be recovered by the administrator or executor by an indictment.

Such an indictment is not barred by the statute, which requires *actions or suits*, by individuals, for the recovery of forfeitures, to be commenced within one year; or by that other statute, which requires process, for the *use of the State*, to be commenced within two years.

Where an indictment alleges the person, deceased, to be late of B. in the county of P. the right of the administrator to prosecute the indictment may be proved by letters of administration granted by the probate court of another county.

Allegations in an indictment, suited only to negative an expected defence, need not be proved.

Exceptions from the rulings of the District Court, upon an indictment for a defect in a highway, whereby one White was alleged to have lost his life. The verdict established the fact, that White, while in the use of ordinary care, lost his life

through a defect in a highway of the city of Bangor, of which defect the city had seasonable notice.

The indictment was found more than two years after the accident.

*Peters*, for the defendants.

1. The statute of limitations is a bar to this indictment. R. S. chap. 25, sect. 89, and chap. 146, sect. 15 and 16. This indictment is in its nature a civil remedy. If the word "indictment" were not in the statute, there would have been a remedy, and it would have been by action of debt. The process by indictment is given for the benefit of individuals. In the mode of proof and in all but the form, it is merely a civil remedy.

2. The certificate of the probate record was improperly admitted. It was a record of administration granted in Cumberland county ; whereas the deceased was alleged in the indictment to have been, at the time of his death, a resident of Bangor, in Penobscot county. Chap. 106, sect. 1, and chap. 105, sect. 3, Revised Statutes.

This record went to contradict the indictment. It was a variance between allegation and proof. The jurisdiction of a Judge of Probate depends upon the residence of the party deceased.

*Ingersoll*, for the State.

SHEPLEY, C. J.— This indictment was found upon the statute, chap. 25, § 89, which provides, that if the life of a person shall be lost through any defect in a highway, the town liable to keep it in repair, shall forfeit not exceeding one thousand dollars, to be paid to the executor or administrator of the deceased person for the use of his heirs, to be recovered by indictment. The death of Nathan C. White occurred on August 31, 1845, and the indictment was not found until October, 1847.

1. The first question presented by the bill of exceptions is, whether the prosecution was barred by the statute of limitations.

The fifteenth section of c. 146, is applicable only to actions commenced by persons, to whom forfeitures are given in whole or in part; and it requires, that such actions should be commenced within one year after the offence has been committed. The sixteenth section authorizes forfeitures in such cases to be collected for the use of the State, by indictment or information, found within two years, if persons interested in them have not proceeded to collect them within one year.

In the present case the forfeiture was not recoverable by action. It was of a description differing from forfeitures provided for in those sections. The decision of the Judge of the District Court was correct.

2. The second cause of complaint is the admission of a record of the appointment by the judge of probate for the county of Cumberland of Edward White as administrator of the estate of Nathan C. White, in which the latter is described as "late of Brunswick."

In the indictment, the same person is described as "late of Bangor."

The judge of probate for each county is authorized by statute, chap. 105, $ 3, to grant letters of administration on the estates of persons deceased, inhabitants of or residents in the same county. The deceased might in a legal sense have been an inhabitant of the county of Cumberland, and at the same time a resident for a temporary purpose in the city of Bangor. The indictment may have been correctly drawn and the judge of probate for the county of Cumberland have been legally authorized to grant letters of administration. If he had no jurisdiction, the validity of his proceedings could not be called in question collaterally in the manner proposed. The provisions of the statute, chap. 105, $ 22, forbid it, except in cases of fraud, and in cases, in which the want of jurisdiction appears on the record. In this case there was no want of jurisdiction apparent upon the record, and no fraud was alleged.

3. The third cause of complaint is found in the instructions given to the jury.

The alleged defect in the highway "was a hole or pit" dug for the purpose of sinking a public reservoir. The jury were instructed "that the defendants would be justified against the accident by showing it to be properly fenced or lighted for protection against accident. And defendants would be bound to show such circumstances of protection." The instruction contained in the former clause could have occasioned no injury to the defendants. Its effect was to limit rather than enlarge their legal liability. If by the language of the latter clause the jury would have understood, that the defendants would be liable, unless they had caused the pit to be properly fenced, or to be lighted for protection, there might have been cause of complaint. For the defendants might have made the street safe and convenient by a temporary covering of the pit or in some other way, without fencing or the use of light. But the language used does not appear to have been designed to inform the jury, that the defendants could be relieved from responsibility only by proof that the pit had been fenced or lighted. Nor would they be likely so to understand it. They would not understand, that the defendants were bound to prove one of those two particular kinds of protection, but only to show circumstances of protection such as would be alike useful and safe. Thus understood it is not liable to any just objection. The existence of the pit in the street had been established, and it could not in that state be considered safe and convenient without some suitable protection.

The allegations contained in the indictment, that the defect had been continued "without any sufficient railing or fence and without any sufficient light hung out or placed in the night time to prevent the injury and damage, that might happen," were not necessary or material to a perfect description of the offence. If an indictment contain allegations or averments suited only to negative a defence anticipated, proof of them is not necessary to authorize a conviction. It will be sufficient to prove the offence alleged, and if there be no proof

such as those allegations were framed to deny, the allegations are wholly unimportant.

These being the only errors insisted upon in argument, the exceptions must be overruled, and judgment must be entered according to the verdict.